IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RICHARD BARKER, 925332,** ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 3:11-CV-2775-B |
| ) | |
| **JUDGE JENNIFER WALKER ELROD,** ) | |
| Defendant. ) | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

Plaintiff, an inmate confined in the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID), filed this complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis* under the provision of 28 U.S.C. § 1915. The Court finds Plaintiff's motion to proceed *in forma pauperis* should be denied.

Title 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has filed numerous previous actions in federal court. At least three of these

cases were filed while Plaintiff was incarcerated and were dismissed as frivolous.  *See Barker v. Hill, et al.*, 3:10-CV-1634-N (N.D. Tex. Dallas Div. Aug. 24, 2010) (collecting cases), *recommendation accepted*, 2010 WL 3938381, (N.D. Tex. Oct. 6, 2010).  Additionally, Plaintiff's complaint fails to show he is imminent danger of serious physical injury.  Plaintiff states generally that the prison conditions are filthy, he was subjected to mace, polluted water, cold temperatures, dust, shower odor and gang members who threatened to harm him.  It is unclear when any of these conditions occurred.  Plaintiff's generalized statements are insufficient to show he was in imminent danger of serious physical injury at the time he filed his complaint.  The Court recommends that Plaintiff's motion to proceed *in forma pauperis* be DENIED.

**RECOMMENDATION:**

For the foregoing reasons, the Court recommends that the District Court deny Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).  The Court further recommends that the District Court dismiss this action pursuant to § 1915(g), unless Plaintiff tenders the $350.00 filing fee to the District Clerk within fourteen (14) days of the filing of this recommendation.

Signed this 2nd day of November, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
 **of the United States Magistrate Judge**      Page 2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).